IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

RECEIVED
2017 APR 18  A 9: 06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **CAMERON PADGETT,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | NO. 3:17-cv-231-WKW |
| **AUBURN UNIVERSITY;** | : | |
| **AUBURN UNIVERSITY** | : | **COMPLAINT** |
| **BOARD OF TRUSTEES;** | : | |
| **JAY GOUGE** in his official | : | |
| and individual capacity | : | |
| as President of Auburn | : | |
| University; | : | |
| **CHANCE CORBETT** in his | : | |
| official and individual | : | |
| capacity as Director of | : | |
| Auburn University Public | : | |
| Safety Department, | : | |
| **ANDREA CONTI-ELKINS,** | : | |
| in her official and | : | |
| individual capacity as | : | |
| Supervisor of Student | : | |
| Center Reservations & | : | |
| James E. Foy, Information | : | |
| Desk, Division of Student | : | |
| Affairs, | : | |
| | : | |
| Defendants | : | |

1

## COMPLAINT

Comes now Cameron Padgett, Plaintiff in the above styled matter, and files this his Complaint, showing the Court as follows:

## I.

## JURISDICTION

1. This is an action for legal and equitable relief to redress Defendants' violations of Plaintiff's constitutional rights as an American citizen. The suit is brought to secure the protection of and to redress the deprivation of rights secured under the First and Fourteenth Amendments of the United States Constitution, U.S.C. Section 42-1983 Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 and 1343.

## II.

## PARTIES

2. Plaintiff Cameron Padgett is over the age of 18 years and is a resident of Fulton County, Georgia, and a native born American citizen.

3. Defendant Auburn University ("Auburn") is located in Lee County, Alabama, and is a division of the State of Alabama and subject to being sued.

4. Defendant Auburn University Board of Trustees is located in the State of Alabama and may be served through its chair, Kay Ivey, Governor of the State of Alabama.

5. Defendant Jay Gouge ("Gouge") is sued in his individual and official capacity as President of Auburn University.

6. Defendant Chance Corbett ("Corbett") is sued in his individual and official capacity as Director of Auburn University Public Safety Department.

7. Defendant Andrea Conti-Elkins is sued in her individual and official capacity as Supervisor of Student Center Reservations &

James E. Foy Information Desk, Division of Student Affairs, of Auburn University.

### III.

### **FACTUAL ALLEGATIONS**

8. Auburn offers to the general public the right to reserve a meeting room at the school, an auditorium in a building called James E. Foy Hall ("Foy Hall").

9. Plaintiff applied to Auburn to rent a meeting venue called Foy Hall for the purpose of providing a forum for Richard Spencer ("Spencer"), a nationally known spokesman for what is called "The Alt Right", to speak.

10. An agreement was reached between Plaintiff and Auburn in the course of a number of email exchanges. That agreement was reduced to writing in a "Letter of Agreement", a copy of which is attached to the Complaint as "Exhibit A."

11. Plaintiff complied with all conditions imposed by Auburn for the use of Foy Hall.

12. When Spencer's appearance was announced a chorus of complaints broke out about his being allowed to speak. Various minority advocacy groups of Jews, Blacks and immigrants and left-wing/liberal groups demanded that no forum be afforded for the expression of views that contradict their own and which they find unhelpful for their identity group agendas and political agendas.

13. In response to these demands that Spencer not be allowed to speak Auburn issued an initial statement ("the initial statement") "deploring" Spencer's views, a copy of which is attached to the Complaint as "Exhibit B."

14. The initial statement not only "deplores" Spencer's views. It goes on to state that Spencer's alleged views (whatever they may be – the statement does not identify what they are supposed to be) "...run counter to those of this institution."

15. The initial statement contains within its text the first indication of Auburn's violation of the First Amendment right to free speech of Plaintiff, Spencer and Americans in general. As a taxpayer supported educational institution Auburn's role is supposed to be one of education, not indoctrination or catechization. It is not supposed to have official views that are opposed by views "counter" to the views of others. It is a violation of the First Amendment rights of Alabama taxpayers and American tax payers at large to tax them to fund "official views."

16. Despite a comment in the initial statement that Auburn supports the constitutional right to freedom of speech, it was not long before Auburn — without notice to or consultation with — Plaintiff unilaterally cancelled the agreement and announced that it would not allow Spencer to speak by posting a notice to that effect ("the cancellation"). A copy of the cancellation is attached hereto as "Exhibit C."

17. The cancellation states that Auburn "in consultation with law enforcement…" is canceling the event "based on legitimate concerns and credible evidence that it will jeopardize the safety of students, faculty, staff and visitors."

18. Petitioner believes that the evidence in this action will show that Auburn had no such legitimate concerns or credible evidence, that the decision will be revealed to have been based on nothing more than some anonymous telephone terroristic threats that are being cynically invoked by Auburn to violate Plaintiff's First Amendment rights in what has been called a "heckler's veto."

## IV.

## CAUSES OF ACTION

### Count One – Violation of First Amendment Guarantees of Freedom of Speech

19. Plaintiff adopts and re-alleges Paragraphs 1 through 18, above, as if fully set forth herein.

7

20. Plaintiff seeks to promote views on issues of social policy, race, foreign policy, reverse discrimination, mistreatment of White prisoners in the fails and immigration by arranging Spencer's appearance on campus at Auburn University.

21. These views are matters of public concern and – even if the views were not matters of public concern – the right to express these views ais constitutionally protected.

22. Auburn is not allowed at law to pick and choose what views are to be presented in a facility open to the general public for holding meetings and giving and hearing speeches.

23. Auburn is engaging in a thinly disguised ideological litmus test by which those sharing its official views find their rights protected while those who challenge the Auburn views have their right to freedom of speech cancelled based on some anonymous telephone threats.

24. It is Auburn's duty to protect American citizens like Plaintiff in the exercise of their constitutionally protected rights. However, Auburn's position – to whatever extent it is sincerely expressed – is basically that the makers of anonymous telephone threats will be allowed to shut down meetings at which views such as those that will be expressed if Spencer is allowed to speak.

25. Defendants have violated Plaintiff's First Amendment rights of freedom of speech and to assemble peacefully to ask for redress of grievances.

26. Defendants have acted under color of state law and have acted with malice and/or reckless indifference toward Plaintiff and toward his First Amendment rights.

## Count Two

## Equal Protection under the Law

27. Plaintiff adopts and re-alleges Paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants' conduct as outline in this Complaint has deprived Plaintiff of his statutory and constitutional rights guaranteed to him by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

29. Specifically, Defendants' conduct has deprived Plaintiff of his right to Equal Protection under the law as provided by the Fourteenth Amendment of the United States Constitution.

30. Defendants have never invoked anonymous threats in cancelling any event by individuals and groups that are in keeping with Auburn's expressed official views, nor would the Defendants cancel an event by the National Man Boy Love Association, the National Organization of Women, the Black Lives Matter movement or Zionists because the Defendants received anonymous threats from people opposed to such groups. Indeed, were the situation

reversed and the target of the anonymous threats were one or more of the named organizations presumably sharing Auburn's views, it is certain that in contrast to its actions in regard to Plaintiff Auburn and the other Defendants would:

a. Issue statements and hold press conferences bragging about their "courage" and how they were not going to be intimidated by "haters" and "KKK-nightriders";

b. Contact the Federal Bureau of Investigation, Alabama police agencies and the Justice Department to initiate a massive investigation to identify, arrest and prosecute the perpetrators of the terroristic threats.

31. Defendants have chosen to withdraw the protection of law enforcement from Plaintiff and from Americans sharing his views and coming from the same racial and ethnic background.

32. By virtue of the above the Defendants have stigmatized White Americans, especially Southerners, and assigned them to a

11

degraded condition of second class citizenship in contrast to the privileged position the Defendants afford to those which under Auburn's "views" are entitled to special rights and consideration, to-wit: Marxists, Anarchists, The Anti-Fa, Jews, Blacks, Hispanics and immigrants.

33. Defendants engaged in such conduct with malice and/or reckless indifference to Plaintiff's protected rights.

## Count Three

## Injunctive Relief

34. Plaintiff's First Amendment right to freedom of speech will be violated if the talk to be made is not allowed to take place.

35. Plaintiff's remedy at law is insufficient because - if the meeting a talk do not take place as scheduled - the opportunity and the moment will pass by.

36. Plaintiff faces immediate and irreparable injury by the Defendants' cancellation of his renting of the Foy Hall auditorium unless the Court protects his immediate rights.

37. Plaintiff is filing a Motion for an Emergency Restraining Order simultaneously with the filing of the Petition.

38. Plaintiff's counsel has complied with the requirements of Rule 65 of the Federal Rules of Civil Procedure by giving notice to the Defendants through their counsel David Boyd, Attorney at Law.

## V.

### Prayers For Relief

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction and grant Plaintiff the following relief:

1. Determine that the Defendants have violated Plaintiff's rights to Freedom of Speech and to peaceable assembly to petition the

government for redress of grievances guaranteed to Plaintiff by the First Amendment of the Constitution;

2. Issue a temporary restraining order directing the Defendants, their officers, agents, servants, employees and attorneys and those acting in concert with the Defendants to comply with the agreement for the rental of the auditorium and to cease and desist from any further unlawful interference with the same;

3. Issue a temporary restraining order directing the Defendants, their officers, agents, servants, employees and attorneys and those acting in concert with the Defendants requiring them to afford Plaintiff and those attending the meeting police protection in the event that there should be any actual attempt violently and/or unlawfully to impede the holding of the meeting;

4. Grant judgment for the Plaintiff against the Defendants jointly and severally for liquidated damages, punitive damages, compensatory damages and/or nominal damages;

5. Plaintiff further prays for such other relief and benefits as shall be appropriate under the law and the evidence including but not limited to an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted this 17th day of April, 2017.

SAM G. DICKSON, Attorney at Law

P. O. Box 55123
Atlanta, Ga. 30308
Tel.: 404-932-1405
Email: sdicksonlawandjustice@gmail.com

**SERVE DEFENDANTS AT:**

Auburn University
101 Samford Hall
Auburn, Alabama 36849

Jay Gouge, President
Auburn University
107 Samford Hall
Auburn, Alabama 36849

Auburn University Board of Trustees
Serve on:
Governor Kay Ivey, President
Alabama State House

11 South Union Street, Suite 725
Montgomery, Alabama 36130

Chance Corbett
Director of Auburn Police Safety Department
43 W. Magnolia Avenue
Auburn, Alabama 36832

Andrea Conti-Elkins
255 Heisman Drive
Student Center 3248
Auburn, Al. 36849