# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| CAMERON PADGETT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | NO. 3:17-cv-231-WKW |
| AUBURN UNIVERSITY; | : | |
| AUBURN UNIVERSITY | : | |
| BOARD OF TRUSTEES; | : | ORDER ON MOTION FOR |
| JAY GOUGE in his official | : | RESTRAINING ORDER |
| and individual capacity | : | |
| as President of Auburn | : | |
| University; | : | |
| CHANCE CORBETT in his | : | |
| official and individual | : | |
| capacity as Director of | : | |
| Auburn University Public | : | |
| Safety Department, | : | |
| ANDREA CONTI-ELKINS, | : | |
| in her official and | : | |
| individual capacity as | : | |
| Supervisor of Student | : | |
| Center Reservations & | : | |
| James E. Foy, Information | : | |
| Desk, Division of Student | : | |
| Affairs, | : | |
| | : | |
| Defendants | : | |

1

## ORDER ON MOTION FOR RESTRAINING ORDER

The above styled action came before the Court for hearing on an emergency Motion for Injunction on the 18th day of April, 2017.

Upon consideration of the verified Petition and the evidence and authorities presented at the hearing and in the Brief in Support of the Motion, the Court hereby grants Plaintiff's Motion for Injunction and rules as set out herein.

### Reasons for Issuance of the Order

The Court makes the following finds of fact:

1. This is a matter involving the exercise of Plaintiff's rights as an American citizen to freedom of speech and to peaceable assembly to petition the government for redress of grievances.

2. Plaintiff and Auburn University, acting through its employees and agents, reached an agreement by which Plaintiff reserved the Foy

Hall Auditorium, a meeting facility owned and operated by Auburn University and offered to the general public.

3. Auburn University is an institution of higher education chartered by, funded and governed by officials of the State of Alabama or what is popularly called a "public university."

4. By virtue of Auburn University being a state chartered and operated institution it is prohibited by the First Amendment of the Constitution from discriminating against applicants based on the ideological content of events taking place in the facility.

5. Plaintiff and Defendant Auburn University entered into an agreement by which Plaintiff was granted a reservation of the University's auditorium in Foy Hall for the purpose of hosting a talk to be given by Richard Spencer, an advocate and leader of the "Alt Right." A copy of that agreement is attached to the verified Petition as "Exhibit A."

6. The facility is offered by Auburn University to the general public.

7. Plaintiff fully complied with all requirements and conditions and paid all fees imposed by Auburn University for the reservation of the facility.

8. Defendant Auburn University cancelled the agreement with Plaintiff and made a public announcement that the Spencer appearance had been cancelled due to what it characterized as "...legitimate concerns and credible evidence that it will jeopardize the safety of students, faculty, staff and visitors."

A copy of the cancellation notice is attached to the Petition as "Exhibit C."

9. There has been no violence or unlawful activity concerning the projected meeting and speech to date except that Auburn has received terroristic threats be telephone from persons unknown.

10. There is no "clear and present danger" involved in the matter such as might authorize the Defendants' cancellation of the meeting and speech.

4

## Conclusions of Law

Free speech cases require a three-step inquiry:

1. Is the speech constitutionally protected?

2. What is the nature of the forum?

3. Is the government's action in cutting off the speech legitimate?

*Cornelius v. NAACP Legal Defense and Education Fund, Inc.*, 473 U.S. 788, 797, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985).

All 3 questions are hereby decided adversely to Auburn in the case before the Court.

Plaintiff's speech (or Spencer's speech) is clearly constitutionally protected.  The First Amendment offers sweeping protection to all manner of speech.  The right to freedom of speech means nothing if it is restricted to popular or conventional speech.  To escape this authority Auburn must show that the speech falls under an excepted category like advocacy of immediate violence, "fighting

5

words" and so on. However, none of those exceptions apply here and Auburn has not made a persuasive showing that any exception applies.

The nature of the forum is a room offered to the general public at a state chartered, funded and controlled university. Such a forum must be open to all viewpoints and cannot be restricted to speech that is approved, comfortable or popular.

There having been no actual violence to date and the nature of the forum being unusually public, the action of Auburn University in cancelling the event is not legitimate.

4. Plaintiff will be irreparably harmed if an injunction is not granted.

5. Plaintiff has a likelihood of ultimate success in the litigation.

6. A loss of First Amendment freedoms for even minimal periods of time unquestionable constitutes "irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

7. Where a plaintiff alleges injury arising from a rule or regulation that directly limits free speech, the irreparable nature of the harm may be presumed. *Bronx Household of Faith v. Board of Education of the City of New York*, 331 F.3d 342 (2d Circuit, 2003).

8. The denial of Plaintiff's rights at the time and venue specified will be a violation of his rights as an American citizen to freedom of speech and to peaceable assembly to petition the government for redress of grievances that cannot be remedied in the future at law because the time and place for the expression of the views will have passed and will have been irretrievably lost.

9. Police officers have a duty to protect speakers like Spencer from the reactions of hostile audiences. *Glasson v. City of Louisville*, 518 F.2d 899, 906 (6th Cir. 1975).

By virtue of the above findings of fact and conclusions of law the Court hereby temporarily and permanently restrains the Defendants its

from cancelling the agreement for the reservation of the Foy Hall Auditorium by the Plaintiff, from further interference with the event.

10. The Court will not presume in response to Plaintiff's prayers that the police authorities be required to protect Plaintiff, Spencer and the audience to micromanage the police or to instruct them in advance of the event as to how to carry out their duties and what laws to enforce.  Neither will the Court instruct the police as to enforcement of the State of Alabama's Anti-Mask Law codified at Section 13A-11-9 of the Alabama Code. However, Defendants are reminded of the duty of the school police authorities to protect the Plaintiff, speakers and attendees from unlawful actions and interference by those opposed to the event.

By virtue of the above findings of fact and conclusions of law the Court orders that the Defendants, their officers, agents, servants, employees and attorneys and those acting in concert with the

Defendants are hereby required to comply with the agreement for the rental of the auditorium and to cease and desist from any further unlawful interference with the same.

All other issues are reserved for future determination by the Court.

SO RULED this 18th day of April, 2017.

_____
JUDGE, UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF ALABAMA